Lanzinger, J.,
dissenting.
{¶ 36} Once again, the majority ignores the line of cases that repeatedly held that sentencing errors are nonjurisdictional and that these errors are properly corrected on appeal. See, e.g., Blackburn v. Jago, 39 Ohio St.3d 139, 529 N.E.2d 929 (1988) (appeal or postconviction relief is proper to remedy sentencing error); Majoros v. Collins, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992) (sentencing errors are not jurisdictional); Johnson v. Sacks, 173 Ohio St. 452, 454, 184 N.E.2d 96 (1962) (“The imposition of an erroneous sentence does not deprive the trial court of jurisdiction”).
*326 {¶ 37} In this case, the majority declares that the failure to impose a mandatory driver’s license suspension renders that part of the sentence void, thus continuing to apply its own unique definition of “void.” The United States Supreme Court, however, concluded unanimously:
A void judgment is a legal nullity. See Black’s Law Dictionary 1822 (3d ed.1933); see also id., at 1709 (9th ed.2009). Although the term “void” describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments [§] 22 (1980); see generally id., § 12. * * *
“A judgment is not void,” for example, “simply because it is or may have been erroneous.”
United Student Aid Funds, Inc. v. Espinosa, — U.S.-, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010), quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir.1995). Because a void sentence would be a legal nullity, a defendant who is subjected to a void sentence should receive the benefit of the resentencing mandated by R.C. 2929.19.[2] Instead, the majority offers a limited resentencing in violation of defendants’ due process rights.
{¶ 38} In this court’s most recent opinion on its reconfigured meaning of the term “void sentence,” it was stated: *327 (Emphasis added.) State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N-E.2d 332, ¶ 31. Thus, only error in imposing postrelease control was to be treated differently from other types of sentencing errors and was justified by a “discrete” and “narrow” line of cases. See State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. But although supposedly its application was to be limited, Fischer’s reach now appears to extend to driver’s license suspension. Soon it will apply to every type of error relating to a mandatory sentencing term — hardly a narrow or discrete exception. Any sentence imposed without a mandatory term (in this case, a license suspension) will be labeled void, but “void” in the meaning of the Princess Bride — being not dead, just mostly dead— because defendants are being denied the true remedy for a void judgment, a complete resentencing.
*326 Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control. In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute.
*327 William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Sarah G. LoPresti, Assistant Public Defender, for appellee.
{¶ 39} As redefined and used herein, the void sentence is potentially correctable at any time without a sentencing hearing regardless of the passage of time for appeal. Carried to the limit, any sentencing error involving a mandatory term will be subject to appellate review without the usual 30-day time constraints. I strongly dissent from this further weakening of res judicata in criminal cases. To allow belated collateral attack in addition to appeal undermines the principles of res judicata. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
{¶ 40} I would also affirm the judgment of the court of appeals with respect to the forfeiture. It seems logically inconsistent to say, without any citation to authority, that “[u]nlike the imposition of court costs, a mandatory driver’s license suspension is a criminal sanction,” majority opinion at ¶ 14, but then conclude that a forfeiture is not part of the sentence, id. at ¶ 28. This is so especially since we previously determined that forfeiture is a form of punishment for a specific offense and is in the nature of a fine. State v. Hill, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), syllabus.

. R.C. 2929.19(A) states:
The court shall hold a sentencing hearing * * * before resentencing an offender * * *. At the hearing, the offender, the prosecuting attorney, the victim or the victim’s representative * * *, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.
(Emphasis added.)